O

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ROBERT GLASPER, | ) | CASE NO. CV 13-2581 ABC (RZ) |
|---|---|---|
| Petitioner, | ) | |
| | ) | ORDER SUMMARILY DISMISSING |
| vs. | ) | PAROLE HABEAS ACTION |
| | ) | PURSUANT TO *SWARTHOUT v.* |
| M.E. SPEARMAN, Warden, | ) | *COOKE* |
| | ) | |
| Respondent. | ) | |

Because Petitioner's challenge to his recent denial of parole plainly lacks merit, the Court will dismiss the action summarily. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in part that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

**I.**

**INTRODUCTION**

Petitioner Robert Glasper is serving a lengthy prison sentence following his 1991 convictions of kidnapping and other crimes. In June of 2010, the Board of Parole Hearings denied Petitioner parole. After exhausting a state-habeas challenge to the denial,

Petitioner now seeks habeas relief from this Court. He primarily asserts that the Board improperly weighed the evidence. A recent Supreme Court ruling plainly forecloses relief on such parole claims. Second, he argues that the Board violated a state law by implicitly conditioning any grant of parole on his admission of guilt. But this Court may grant relief only for violations of *federal* law.

## II.
## FEDERAL DUE PROCESS CONCERNS ARE VERY LIMITED IN PAROLE CASES

Petitioner relies on various cases predating *Swarthout v. Cooke*, 562 U.S. __, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) (*Cooke*). *Cooke* reversed two rulings by the Ninth Circuit granting habeas relief based on a lack of "some evidence" of the inmates' current dangerousness. *Cooke* said that such a "some evidence" requirement is a state, not federal, requirement and held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." The federal habeas court's inquiry – in cases, such as this one, in which a prisoner seeks habeas relief based on an alleged violation of the federal Due Process Clause – is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." *Id.*, *citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979).

Here, Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the denial of parole. Petitioner sharply disagrees with those reasons, but "[t]he Constitution does not require more." *Greenholtz*, 442 U.S. at 16. In light of *Cooke*, Petitioner presents no cognizable claim for relief based on federal law.

///

///

## III.

## STATE LAW VIOLATION IS NO BASIS FOR FEDERAL HABEAS RELIEF

California Penal Code section 5011(b) bars parole officials from requiring a prisoner to admit his guilt as a condition for obtaining parole. Petitioner, who "has maintained his innocence [as] to the crimes convicted of [*sic*]," complains that the Board violated this law by insisting that he develop "insight" and otherwise "come clean" about those crimes. *See* Pet. at 25. But this federal court may grant relief only for violations of federal law, not state law. 28 U.S.C. § 2254(a). Relief is unavailable.

## IV.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES the action with prejudice.

DATED: April 19, 2013

_____
AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE